NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNRISE PHARMACEUTICAL, INC., <br> Plaintiff, <br> v. <br> VISION PHARMA, LLC, et al., <br> Defendants. | Civil Action No.: 2:17-cv-04074 <br><br> MEMORANDUM OPINION AND ORDER |

**CECCHI, District Judge.**

WHEREAS this matter comes before the Court on the motion of Defendants Vision Pharma, LLC and Sander S. Busman ("Defendants") to dismiss Plaintiff Sunrise Pharmaceutical, Inc.'s ("Plaintiff") amended complaint. (ECF No. 17); and

WHEREAS pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard; and

WHEREAS on April 10, 2013, Defendant Vision Pharma, LLC ("Vision") filed a complaint against Plaintiff in the Southern District of New York. (ECF No. 13 ¶ 27); and

WHEREAS on July 16, 2013, Vision filed an amended complaint against Plaintiff, which Vision voluntarily dismissed on August 5, 2013. (*Id.* ¶¶ 33-34); and

WHEREAS on the same day, Vision filed a complaint against Plaintiff in the District of New Jersey (the "2013 Matter"), (*id.* ¶ 34), "to avoid further motion practice on the issue of personal jurisdiction over [Plaintiff] in New York." (ECF No. 18 at 11); and

WHEREAS over four years after Vision filed suit against Plaintiff in New York, nineteen days after the Court appointed a mediator in the 2013 Matter, and one day before the Court-ordered mediation in the 2013 Matter, Plaintiff filed this separate action against Defendants with this Court. (ECF No. 1; *see also* ECF No. 18 at 1); and

WHEREAS Plaintiff's complaint sets forth eight causes of action against Defendants, alleging that Defendants violated the Lanham Act, the State of New Jersey's unfair competition

laws, the Sherman Act, the Clayton Act, and the New Jersey Antitrust Act, as well as committed the common law torts of unfair competition, tortious interference with prospective economic relations, and trade libel, by Vision filing its complaints against Plaintiff, announcing such filings in a press release, and allegedly "verbally disseminat[ing] . . . false statements to [Plaintiff's] customers and investors and prospective customers and investors." (ECF No. 13 ¶¶ 64-170); and

WHEREAS "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); and

WHEREAS Defendants contend that Plaintiff's claims implicate Defendants' First Amendment rights under the *Noerr-Pennington* doctrine.[1] Plaintiff responds that its claims are not barred under the *Noerr-Pennington* doctrine because "the *Noerr-Pennington* Doctrine . . . [does not] immunize a party from initiating sham litigation and publicizing it to the public." (ECF No. 26 at 12); and

WHEREAS "the *Noerr-Pennington* doctrine protects activities by parties to influence government policy or legislation from antitrust claims and has since been extended to protect those

---

[1] "Although originally developed in the antitrust context, courts have applied [the *Noerr-Pennington*] doctrine universally to business torts." *Arthrocare Corp. v. Smith & Nephew, Inc.*, No. 01-504, 2004 WL 896002, at *3 (D. Del. Mar. 10, 2004) (citing *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 128-29 (3d Cir. 1999) (applying the doctrine to common law claims of malicious prosecution, tortious interference with contract, tortious interference with prospective economic advantage, and unfair competition)). Moreover, courts have recognized "that the *Noerr* doctrine applies to Lanham Act violations," "state law unfair competition claims," and claims for trade libel. *Power Survey, LLC v. Premier Util. Servs., LLC*, No. 13-5670, 2015 WL 12839492, at *2 n.1 (D.N.J. Mar. 6, 2015); *OG Int'l, Ltd. v. Ubisoft Entm't*, No. 11-4980, 2012 WL 4809174, at *3 (N.D. Cal. Oct. 9, 2012). Accordingly, the Court finds that Defendants' defense under the *Noerr-Pennington* doctrine applies to all of Plaintiff's claims. (*See* ECF No. 13 ¶¶ 64-170 (asserting claims under the Lanham Act, New Jersey State's unfair competition laws, and federal and state antitrust laws, and alleging violations of the common law torts of unfair competition, tortious interference with prospective economic relations, and trade libel)).

who petition for other forms of governmental action." *Power Survey, LLC v. Premier Util. Servs., LLC*, No. 13-5670, 2015 WL 12839492, at *2 (D.N.J. Mar. 6, 2015); and

WHEREAS "the *Noerr* Court acknowledged that activity 'ostensibly directed toward influencing governmental action' would not be immune from liability if it constituted 'a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor.'" *Id.* (quoting *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 144 (1961)); and

WHEREAS "to fall outside the *Noerr-Pennington* doctrine, a complaint must plead sufficient facts to support a reasonable inference that: (1) the allegedly sham petition was objectively baseless; and (2) the objectively baseless petition was the result of the litigant's subjective motivation to interfere directly with the business relationships of a competitor through the use of the governmental process, as opposed to the outcome of that process."[2] *Id.*; and

WHEREAS although "the question of whether litigation is a sham can be a fact question for the jury . . . . when 'there is no dispute over the predicate facts of the underlying legal proceeding, a court may decide probable cause [and thus *Noerr-Pennington* applicability] as a matter of law.'" *Trustees of Univ. of Pa. v. St. Jude Children's Research Hosp.*, 940 F. Supp. 2d

---

[2] Plaintiff's argument that Vision has engaged in a series of legal proceedings and therefore, that a more stringent standard applies to the question of whether Vision's complaints constitute "sham litigation" is without merit. Filing an amended complaint, or voluntarily dismissing a complaint to file a substantially similar complaint in another venue because of personal jurisdiction concerns, does not constitute a "series of legal proceedings." *See, e.g., In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class*, 868 F.3d 132, 157 (3d Cir. 2017) ("The test for serial petitioning announced in *Hanover* explicitly applies to 'a series of legal proceedings' or 'a pattern of petitioning[,]' and two proceedings . . . does not constitute a pattern.") (citations omitted); *ERBE Electromedizin GmbH v. Canady Tech. LLC*, 529 F. Supp. 2d 577, 589 (W.D. Pa. 2007) (finding that one previous litigation and one previous arbitration did not "amount[] to 'simultaneous and voluminous,' a 'series of,' or a 'pattern of,' legal proceedings"), *aff'd sub nom. ERBE Elektromedizin GmbH v. Canady Tech. LLC*, 629 F.3d 1278 (Fed. Cir. 2010).

233, 242 (E.D. Pa. 2013) (quoting *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 63 (1993)); *see also Power Survey, LLC*, 2015 WL 12839492, at *2-3; and

WHEREAS even accepting the facts as alleged in Plaintiff's complaint as true and giving such facts the benefit of all favorable inferences, Plaintiff has not pled any facts upon which it could be reasonably inferred that Defendants complaints were "objectively baseless;" and

WHEREAS Plaintiff avers Vision instituted "frivolous and sham lawsuits" because Vision "does not . . . have standing to sue [Plaintiff]" and "is not a party to [a] contract [with Plaintiff]." (ECF No. 13 ¶¶ 93, 95-96, 109-10, 125-26). Plaintiff also contends that Vision's complaints were "shams" for the same reasons as set forth in Plaintiff's motion to dismiss Vision's complaint in the 2013 Matter, (*id.* ¶ 37), because FDA warning letters are "merely advisory," (*id.* ¶ 18), and because Vision allegedly took a contrary position in another lawsuit. (*Id.* ¶¶ 24-25); and

WHEREAS the Court recently found that Vision had standing to sue Plaintiff in the 2013 Matter and that Vision's complaint stated a claim upon which relief may be granted for all counts except for violations of New Jersey's Consumer Fraud Act, despite the contention that FDA warning letters are "merely advisory." *See* Opinion, Vision Pharma, LLC v. Sunrise Pharmaceutical, Inc., No. 13-4692 (D.N.J. June 20, 2018), ECF No. 117. Moreover, the Court does not find that Vision's statements in its answer and counterclaim in a separate lawsuit render Vision's "pursuit of claims so baseless that no reasonable litigant could realistically expect to secure favorable relief." *Prof'l Real Estate Inv'rs, Inc.*, 508 U.S. at 62; and

WHEREAS Plaintiff's remaining allegations that Vision engaged in "sham litigation" are wholly conclusory, (*see, e.g.*, ECF No. 13 ¶¶ 97, 111, 127 ("No reasonable litigant could have expected to secure favorable relief on the merits, when Defendants have no evidence, facts, or investigation to support its claims.")), and therefore fail to overcome a motion to dismiss. *See*

4

*Simon Prop. Grp., Inc. v. Palombaro*, 682 F. Supp. 2d 508, 511 (W.D. Pa. 2010) ("Although we recognize 'sham litigation' as a viable counterclaim in this instance, as it is plead, [defendant's] 'sham litigation' counterclaim fails to provide enough factual allegations to meet the rigors of *Twombly* and its progeny. [Defendant] sets forth only blanket and conclusory statements regarding both prongs of the 'sham litigation' exception."); and

WHEREAS Plaintiff therefore fails to plead "factual allegations to support an objective determination that [Defendants'] petition[s] 'constitute[d] the pursuit of claims so baseless that no reasonable litigant could realistically expect to secure favorable relief.'"[3] *Power Survey, LLC*, 2015 WL 12839492, at *3 (citations omitted); and

WHEREAS "Courts have generally applied the *Noerr-Pennington* Doctrine to . . . press releases unless the original petitioning conduct was baseless." *Capital Health Sys., Inc. v. Veznedaroglu*, No. 15-8288, 2017 WL 751855, at *13 (D.N.J. Feb. 27, 2017), *reconsideration denied*, No. 15-8288, 2017 WL 3429349 (D.N.J. Aug. 9, 2017); *see also PennPac Int'l, Inc. v. Rotonics Mfg., Inc.*, No. 99-2890, 2001 WL 569264, at *9 (E.D. Pa. May 25, 2001); and

WHEREAS although Plaintiff alleges that "Defendants have made false and defamatory statements of fact regarding [Plaintiff] and [Plaintiff's] products in a press release that it published on PRNewswire," (ECF No. 13 ¶¶ 65, 79; *see also id.* ¶¶ 100, 152, 155, 165), as discussed above, Plaintiff does not plead facts that would support a reasonable inference that Vision's complaints were "objectively baseless" or "that no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Inv'rs, Inc.*, 508 U.S. at 60; and

---

[3] "The second, subjective prong for establishing the sham exception to *Noerr-Pennington* immunity, comes into play only if the plaintiff first makes a showing satisfying the exception's objective prong," *Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, 806 F.3d 162, 198 (3d Cir. 2015), which Plaintiff has not done here.

WHEREAS Plaintiff's allegations that, "[u]pon information and belief, Defendants also have verbally disseminated their false statements to [Plaintiff's] customers and investors and prospective customers and investors," (ECF No. 13 ¶¶ 66, 80; *see also id.* ¶¶ 102, 138, 149, 153, 155, 161), do not overcome a motion to dismiss because Plaintiff "does not include any facts that would provide a reasonable basis for its 'information and belief.'" *J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*, No. 11-1751, 2013 WL 3208586, at *3 (M.D. Pa. June 24, 2013) (citing *Shenango Inc. v. Am. Coal Sales Co.*, No. 06-149, 2007 WL 2310869, at *3 (W.D. Pa. Aug. 9, 2007) (granting a motion to dismiss where the complaint alleged various elements of the cause of action "on information and belief" but did not specify any facts that would have led to this conclusion)); *see also Advanced Oral Techs., L.L.C. v. Nutrex Research, Inc.*, No. 10-5303, 2011 WL 1080204, at *4 n.6 (D.N.J. Mar. 21, 2011) ("Allegations made upon information and belief—which are little more than conjecture and wishful thinking—have little hope of salvaging an otherwise defective complaint.").

Accordingly, **IT IS** on this 20 day of June, 2018,

**ORDERED** that Defendants' motion to dismiss, ECF No. 17, is **GRANTED**;[4] it is further

**ORDERED** that to the extent the pleading deficiencies identified by the Court in this Memorandum Opinion and Order can be cured by way of amendment, Plaintiff is **GRANTED** thirty (30) days to file an amended pleading; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this case until Plaintiff complies with this Order and shall **CLOSE** the file.

                                                           **CLAIRE C. CECCHI, U.S.D.J.**

---

[4] Based on the foregoing, the Court need not address Defendants' remaining arguments as to why Plaintiff's amended complaint fails to state a claim upon which relief may be granted.