**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNRISE PHARMACEUTICAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> VISION PHARMA, LLC, et al., <br><br> Defendants. | Civil Action No.: 2:17-cv-04074 <br><br><br> **ORDER** |

**CECCHI, District Judge.**

WHEREAS this matter comes before the Court by way of Plaintiff Sunrise Pharmaceutical, Inc.'s ("Plaintiff") motion for partial reconsideration of the Court's June 20, 2018 opinion and order granting Defendants' motion to dismiss pursuant to the *Noerr-Pennington* doctrine. (ECF No. 47); and

WHEREAS pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard; and

WHEREAS "a motion for reconsideration may be granted in only three narrow circumstances: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Spiniello Cos. v. Silva*, No. 13-5146, 2015 WL 12830367, at *1 (D.N.J. June 30, 2015) (alteration in original) (citations omitted); and

WHEREAS Plaintiff raises one primary argument in its motion: that the Court erred in relying on *unreported* decisions from this District, as well as outside this District, in rendering its decision on Defendants' motion to dismiss. (ECF No. 47-1 at 2, 7-14); and

WHEREAS in other words, Plaintiff maintains that the Court should have instead relied on *reported* decisions from outside this District[1] (indeed, outside this Circuit) in rendering its decision on Defendants' motion to dismiss. (*See id.*); and

WHEREAS in the Third Circuit, unpublished decisions are "not regarded as binding authority." *Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864 n.12 (3d Cir. 1996). Nonetheless, courts may "look to [an unpublished] decision as a paradigm of the legal analysis [courts] should . . . follow." *Id.*; *see also Bilbili v. Klein*, No. 02-2953, 2005 WL 1397016, at *6 n.10 (D.N.J. June 14, 2005) (same), *aff'd*, 249 F. App'x 284 (3d Cir. 2007); and

WHEREAS, "citation to unpublished opinions is not prohibited under the Third Circuit Local Appellate Rules, and therefore, such opinions may serve as persuasive authority in this Circuit." *Linden v. Sap Am., Inc.*, No. 03-3125, 2004 WL 1047719, at *4 n.5 (E.D. Pa. May 6, 2004) (citing L.A.R. 28.3(a) (3d Cir. 2003); *City of Newark v. Dep't of Labor*, 2 F.3d 31, 33 n.3 (3d Cir. 1993)); *see also Marracco v. Kuder*, No. 08-713, 2009 WL 235469, at *3 (D.N.J. Jan. 30, 2009) ("Citation to unpublished opinions is not only permitted under Federal Rule of Appellate Procedure 32.1[] . . . but is widely used.") (citing cases); *E.E.O.C. v. Watson Standard Co.*, 119 F.R.D. 632, 632-33 (W.D. Pa. 1988) ("This court may be persuaded by an unpublished opinion, particularly when the published decisions will not serve as well."); and

---

[1] Plaintiff also cites to one reported decision from this District in its motion for reconsideration; however, such decision does not at all discuss the *Noerr-Pennington* doctrine or its application to this matter. (ECF No. 47-1 at 10 (citing *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 460 (D.N.J. 2009)). Moreover, the Court notes that despite Plaintiff's apparent disagreement with citing to unpublished cases, Plaintiff itself cites to one unpublished decision from this District, as well as one unpublished decision from the Third Circuit, in its motion for reconsideration. (*Id.* at 10-11 (citing *Canfield Sci., Inc. v. Melanoscan, LLC*, No. 16-4636, 2017 WL 2304644, at *8-10 (D.N.J. May 25, 2017); *Bd. of Directors of Sapphire Bay Condominiums W. v. Simpson*, 641 F. App'x 113, 115 (3d Cir. 2015)). Neither of these decisions discuss the *Noerr-Pennington* doctrine or its application to this matter. (*Id.*; *see also id.* at 12 (Plaintiff citing New Jersey case law that does not discuss the *Noerr-Pennington* doctrine or its application to this matter)).

2

WHEREAS, "while [perhaps] persuasive, no one district court's decision on [an] issue is binding on another district court." *Shah v. Horizon Blue Cross Blue Shield of New Jersey*, No. 17-166, 2017 WL 4284470, at *3 n.6 (D.N.J. Sept. 27, 2017); *see also Filgueiras v. Portfolio Recovery Assocs., LLC*, No. 15-8144, 2016 WL 1626958, at *4 n.4 (D.N.J. Apr. 25, 2016) ("[D]ecisions from other circuits are not binding, even though they may be instructive."); and

WHEREAS the Court was therefore free to consider *both* unreported decisions and reported decisions, from within this District and outside of this District, as persuasive authority in rendering its decision on Defendants' motion to dismiss. *See supra*. That Plaintiff disagrees with the weight the Court has given to such authority does not warrant the Court's reconsideration of its opinion and order.[2] *See ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) ("Mere 'disagreement with the Court's decision' does not suffice.") (citations omitted).

Accordingly, IT IS on this 28 day of March, 2018:

**ORDERED** that Plaintiff's motion for partial reconsideration, ECF No. 47, is **DENIED**.

**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] Specifically, the Court found persuasive the decision in *Capital Health System, Inc. v. Veznedaroglu*, which held that "[c]ourts have generally applied the *Noerr-Pennington* Doctrine to preclude defamation claims, and the Doctrine has been extended to press releases unless the original petitioning conduct was baseless." No. 15-8288, 2017 WL 751855, at *13 (D.N.J. Feb. 27, 2017), *reconsideration denied*, No. 15-8288, 2017 WL 3429349 (D.N.J. Aug. 9, 2017). That Plaintiff suspects the *Capital Health* court, in rendering its decision, "obviously was not aware" of cases from the District of Massachusetts and the Western District of Washington allegedly reaching different conclusions, (ECF No. 47-1 at 12-13), does not warrant the Court's reconsideration of its opinion and order. *See Shah*, 2017 WL 4284470, at *3 n.6 (explaining that "while [perhaps] persuasive, no one district court's decision on [an] issue is binding on another district court."). Moreover, the Court finds unpersuasive as grounds for granting Plaintiff's motion for reconsideration Plaintiff's attempts at distinguishing the facts of certain cases from the facts of the instant matter. (ECF No. 47-1 at 9-10, 13).

3